Globecon Group, LLC
Confidentiality, Intellectual Property and Non-Circumvention Agreement

In consideration of my employment by Globecon Group, llc and/or any of their affiliates and subsidiaries ("Globecon") or my continued employment at will by Globecon, and the payment to me of a salary or other compensation during my employment, I agree as follows:

1. I will not, without Globecon's prior written permission, disclose to anyone outside of Globecon and its subsidiaries or use in other than Globecon's and its subsidiaries' business, either during or after my employment, any confidential information or material of Globecon or its subsidiaries, or any information or material received in confidence from third parties such as suppliers or customers, by Globecon or its subsidiaries. If I leave the employ of Globecon, I will return to Globecon all property in my possession, whether or not containing confidential information including but not limited to, diskettes and other storage media, drawings, notebooks, reports, and other documents belonging to Globecon or its subsidiaries or received from any third party by Globecon or any of its subsidiaries.

   Confidential information or material of Globecon or its subsidiaries is any information or material: (a) generated or collected by or utilized in the operations of Globecon or its subsidiaries, (b) received from any third party, or (c) suggested by or resulting from any task assigned to me or work performed by me for or on behalf of Globecon or its subsidiaries, and which has not been made available generally to the public, whether or not expressed in a document or other medium and whether or not marked "Globecon Confidential" or with any similar legend of Globecon or any third party. Confidential information includes any non-public information disclosed to me either directly or indirectly, in writing, through electronic media, orally, or visually, in connection with any discussions and/or transactions regarding Globecon.

2. I will not disclose to Globecon or its subsidiaries, use in their business, or cause them to use, any information or material that is confidential to any third party. In addition, I will not incorporate into any product used and/or sold by Globecon or its subsidiaries, any copyrighted materials of any third party, unless such incorporation by Globecon or its subsidiaries has been authorized.

   Confidential information or material may include, but is not limited to, past, present or future development, manufacturing activities, marketing or business plans, personnel matters, technical specifications, drawings, designs, prototypes, computer programs or databases.

3. I will comply, and do all things necessary for Globecon and its subsidiaries to comply, with the laws and regulations of all governments under which Globecon and its subsidiaries do business, and with provisions of contracts between any such government or its contractors and Globecon or its subsidiaries that relate to intellectual property or to the safeguarding of information.

4. I hereby assign to Globecon my entire right, title and interest in any idea, concept, technique, invention, design, (whether the design is ornamental or otherwise), computer programs and related documentation, other works of authorship, mask works and the like (all hereinafter called "Developments"), hereafter made, conceived, written or otherwise created solely or jointly by me, whether or not such Developments are patentable, subject to copyright protection or susceptible to any other form of protection which: (a) relate to the actual or anticipated business or research or development of Globecon or its subsidiaries, or (b) are suggested by or result from any task assigned to me or work performed by me for or on behalf of Globecon or its subsidiaries.

**Confidential Information**                                  Agreed to by ____ / Me          Globecon

1

Globecon Group, LLC
Confidentiality, Intellectual Property and Non-Circumvention Agreement

In the case of any "other works of authorship," such assignment shall be limited to those works of authorship that meet both conditions (a) and (b) above.

The above provisions concerning assignment of Developments apply to Developments created while I am employed by Globecon in an executive, managerial, professional product or technical planning, technical, research, programming or engineering capacity (including development, product, manufacturing, systems, applied science, and field engineering).

Excluded are any Developments that I cannot assign to Globecon because of prior agreement with _____which is effective until_____ (Give name and date or write "none")

I acknowledge that the copyright and any other intellectual property right in designs, computer programs and related documentation, and other works of authorship, created within the scope of my employment, belong to Globecon by operation of law.

5. In connection with any of the Developments assigned by Paragraph 4: (a) I will promptly disclose them in writing to the Globecon Intellectual Property Law Department or it's President; and (b) I will, on Globecon's request, promptly execute a specific assignment of title to Globecon or its designee, and do anything else reasonably necessary to enable Globecon or such designee to secure a patent, copyright or other form of protection therefore in the United States and in other countries.

6. Globecon, its subsidiaries, licensees, successors or assigns (direct or indirect) are not required to designate me as an author of any item which is subject to Paragraph 4, when such item is distributed, publicly or otherwise, or to secure my permission to change or otherwise alter the integrity of any such item. I hereby waive and release, to the extent permitted by law, all rights in and to such designation and any rights I may have concerning modifications of such items.

I understand that any rights, waivers, releases and assignments herein granted and made by me are freely assignable by Globecon and are for the benefit of Globecon and its subsidiaries, licensees, successors and assigns.

7. I have identified all Developments not assigned by Paragraph 4 in which I have any right, title or interest, and which were previously made or conceived solely or jointly by me, or written wholly or in part by me, but neither published nor filed in any patent office.

If I do not have any to identify, I have written "none" on this line: _____

*(It is in your interest to establish that any of the above were made, conceived or written before your employment by Globecon. You should not disclose them in detail, but identify them only by the titles and dates of documents describing them. If you wish to interest Globecon in any of them, you may contact the President, who will provide you with instructions for submitting them to Globecon.)*

**Confidential Information**  Agreed to by  
Me    Globecon

2

Globecon Group, LLC
Confidentiality, Intellectual Property and Non-Circumvention Agreement

In addition, I agree to promptly notify the Globecon Intellectual Property Law Department or President in writing of any patent in which I am an inventor but which is not assigned to Globecon and which discloses or claims any Development made, conceived or written while I am employed by Globecon.

8. I will adhere strictly to the terms and conditions of the "Restrictive Covenant" that is a reasonable and necessary part of this agreement, as that term is defined in Attachment A, annexed hereto and incorporated by reference.

9. The term "subsidiaries," as used in this Agreement, includes any entity owned or controlled, directly or indirectly, by Globecon.

10. This Agreement supersedes all previous oral or written communications, representations, understandings, undertakings or agreements relating to the subject matter hereof. This Agreement may only be amended by written agreement of the parties.

10. The laws of the State of New York shall govern this Agreement, as if it had been executed and fully performed within such state. My signature below indicates my Agreement, and my acknowledgment of receipt of a copy of this Agreement.

Patrick Pancoast
Employee's Full Name (please print)

*[signature]*
Employee's Signature

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
Employee Social Security No.

2/15/2002
Date

Globecon Group, LLC

Paul Siegel
Representative (please print)

*[signature]*
Signature

2/15/2002
Date

**Confidential Information**　　Agreed to by __ Me　__ Globecon

3

Globecon Group, LLC
Confidentiality, Intellectual Property and Non-Circumvention Agreement

(If you have entered "none" in Paragraph 7, do not fill in this section.)

The following are Developments not covered by Paragraph 4, in which I have any right, title or interest, and which were previously conceived or written either wholly or in part by me, but neither neither published nor filed in any Patent Office:

Description of Documents (if applicable):

_____

_____

_____

_____

Title on Document                           Date on Document

_____              _____


Name of Witness on Document                 Signed:

_____              _____


Employee's Full Name                        Date:

_____              _____

**Confidential Information**                Agreed to by ____  ____
                                                   Me        Globecon

4

Globecon Group, LLC
Confidentiality, Intellectual Property and Non-Circumvention Agreement

## ATTACHMENT A
### RESTRICTIVE COVENANTS

I acknowledge that I will abide by the following terms and conditions with regard to Globecon, and covenant and agree as follows:

Throughout the term of my employment with Globecon and for a year thereafter and regardless of the reason of my departure and/or termination, that without Globecon's prior written I shall not, <u>directly or indirectly</u>:

a)  Solicit or be or become associated with or the direct or indirect economic or financial beneficiary of any entity "in any capacity[1]" which solicits, **specifically and narrowly**, any Globecon's "customers" and/or "sales prospects[2]" **AND** is a **direct** competitor to Globecon[3]."

b)  Aid or agree to aid any partner, shareholder, owner, officer, advisor, consultant, director, employee, principal, agent, creditor, trustee, co-venturer or other party related to of Globecon to leave its employ or aid or agree to aid any competitor, customer or supplier in any attempt to hire any person who was associated with Globecon and/or Globecon Group, Ltd. during my employment and during the twenty four (24) months immediately preceding this agreement.

c)  If I breach any of the restrictive covenants set forth in this Attachment A (the "Restrictive Covenants"), Globecon shall have the following rights and remedies, each of which shall be independent of the others and severally enforceable, and each of which is in addition to, and not in lieu of, any other rights and remedies available to Globecon at law or in equity:

   i.  I shall be immediately required to disclose, account for and pay over to Globecon all actual compensation, profits, monies, and accruals derived or received by me as a result of any action or transactions constituting a breach of any of the Restrictive Covenants. If Globecon, in its sole and absolute discretion, is not satisfied as to the timeliness and/or accuracy of the disclosure, accounting and/or payment made to it, Globecon will notify me in writing and shall have the unfettered right to notify any and all entities to which I become associated of the terms of this agreement, and I hereby do grant to Globecon the right to direct those entity(ies) to disclose directly to Globecon the information it needs to determine all actual compensation, profits, monies, and accruals derived or received by me as a result of any action or transactions constituting a breach of any of the Restrictive Covenants.

   ii. Notwithstanding the provisions of Attachment A hereof, I acknowledge and agree that in the event of a violation or threatened violation of any of the Restrictive Covenants, Globecon shall have no adequate remedy at law and shall therefore be entitled to enforce each provision by temporary or permanent injunctive or mandatory relief obtained in any court of competent

---

[1] The term "in any capacity" includes, without limitation, as a partner, shareholder, owner, officer, advisor, consultant, director, employee, principal, agent, creditor, trustee, co-venturer or otherwise.
[2] The term "customers" applies specifically to clients of Globecon during my employment, or those customers have been clients of Globecon and/or Globecon Group, Ltd. during the twenty four (24) months immediately preceding this agreement; and, the term "sales prospects" applies specifically to individuals and/or entities which have received proposals from Globecon and/or are on one or more sales prospect lists of Globecon and/or Globecon Group, Ltd. during my employment or during the twenty four (24) months immediately preceding this agreement.
[3] A "direct competitor to Globecon" is any person, partnership, corporation, company or other entity which provides education, professional development; workshop; seminar; online distance learning; interactive educational services; and/or financial service and finance-related instructional design and/or consulting or advisory services or products

**Confidential Information**　　　　　　　　　　　　　　　　Agreed to by _____　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Me　　　　　Globecon

Globecon Group, LLC
Confidentiality, Intellectual Property and Non-Circumvention Agreement

jurisdiction without the necessity of proving damages, posting any bond or other security, and without prejudice to any other rights and remedies which may be available at law or in equity.

iii. If any of the Restrictive Covenants, or any part thereof, is held to be invalid or unenforceable, the same shall not affect the remainder of the covenant or covenants, which shall be given full force and effect, without regard to the invalid or unenforceable portions.

iv. If any of the Restrictive Covenants, or any part thereof, is held to be unenforceable because of the duration of such provision or the area covered thereby, the parties hereto agree that the court making such determination shall have the power to reduce the duration and/or area of such provision and, in its reduced form, such provision shall then be enforceable.

Notwithstanding the terms and conditions of Attachment A, the parties hereto intend to and hereby confer jurisdiction to enforce the Restrictive Covenants upon any court of competent jurisdiction. In the event that the courts of any one or more of such jurisdictions shall hold such Restrictive Covenants wholly unenforceable by reason of the breadth of such scope or otherwise, it is the intention of the parties hereto that such determination not bar or in any way affect Globecon's right to the relief provided above in the courts of any other jurisdictions, as to breaches of such covenants in such other respective jurisdictions, the above covenants as they relate to each jurisdiction being, for this purpose, severable into diverse and independent covenants.

**Confidential Information**                                Agreed to by _____  _____
                                                                           Me       Globecon

6