UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

GLOBECON GROUP, LLC,

                    *Plaintiff,*

    – against –

INTUITION PUBLISHING, INC. and
PATRICK PANCOAST,

                    *Defendants,*

-----------------------------------------------------------

Case No. 07 Civ. 2817 (Marrero)
ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF
## INTUITION PUBLISHING, INC.'S MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Intuition Publishing, Inc. (hereafter "Intuition") moves under Fed. R. Civ. P. 12(b)(1) to dismiss this action for lack of subject matter jurisdiction. Federal copyright law, 17 U.S.C. §411(a), directs that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." The Complaint here does not allege registration of the allegedly infringed works, although it is artfully phrased to disguise the fact, and inspection of the registration certificates identified in Exhibit M to the Complaint confirms that those registrations are not for the works claimed to be infringed in the pertinent paragraphs of the Complaint.

### FACTUAL BACKGROUND

Plaintiff Globecon Group, LLC has brought an action for copyright infringement, together with pendent New York state law claims for misappropriation of intellectual property and alleged trade secrets, breach of contract, "tortuous [sic] interference in contractual relations,"

theft of trade secrets, unfair competition, and accounting.  Complaint ¶ 1.[1]  The only basis of federal jurisdiction alleged is federal question jurisdiction afforded by 28 U.S.C. §1331 and 1338 for the copyright infringement claim.  Complaint ¶ 11; *see also id.* ¶¶ 6, 8 (both plaintiff and defendant Intuition have their principal places of business in New York City).

The Complaint's jurisdictional allegation (¶11) does not allege compliance with the registration requirement of §411(a) (which, as is shown below, the Second Circuit has held is a jurisdictional requirement).

The Complaint identifies the works allegedly infringed in paragraphs 80-83, and appends them to the Complaint as Exhibits C, E, G, and I (hereafter, "the Allegedly Infringed Works").[2]  Those paragraphs of the Complaint do not, however, allege registration of copyright in those four works.

The only paragraph of the Complaint that does mention registration is the curiously (and almost certainly deceptively) phrased paragraph 78 in the First Claim for Relief, which reads as follows (emphasis added):

> *Certain of the above-described intellectual property as set forth in Exhibit "M" annexed hereto* was duly registered with the United States Copyright Office on the dates referenced in said Exhibit.  Plaintiff complied in all respects with the title 17 (Copyrights), Chapter 4 of the United States Code, all rules, codes and regulations promulgated thereunder, and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of said material identified in the annexed Exhibit "M", and received from the Register of Copyrights certificates of registration, dated and identified as indicated in the annexed Exhibit "M".

---

[1]  For convenience, the Complaint (including exhibits C, E, G, I and M) is submitted with this motion as Exhibit 1 to the Declaration of Jennifer L. Jones.

[2]  For unexplained reasons, the allegations of paragraphs 80-83 also appear at paragraphs 57-60.  We cite here only to paragraphs 80-83, which are squarely pleaded in the First Claim for Relief, the copyright claim.

Paragraph 78 does not allege that plaintiff (or anyone else) registered copyright in the Allegedly Infringed Works. Rather, it alleges registration only of "certain of the above-described intellectual property as set forth in Exhibit "M" annexed hereto." In other words, it alleges registration of the works identified in Exhibit M, *not* registration of the works in Exhibits C, E, G, and I.

Exhibit M, in turn, which is apparently a printout of registration information downloaded by plaintiff from the Library of Congress's web site, identifies roughly 60 copyright registration certificates by registration number and title. None of those titles corresponds to any of the Allegedly Infringed Works in Exhibits C, E, G, and I, or to any titles alleged in the Complaint. Moreover, none of the registrations identified are in the name of the plaintiff here, Globecon Group, LLC ("New Globecon"). Each of them is in the name of Globecon Group, Ltd. ("Old Globecon"), which is not the plaintiff.

In order to ascertain whether plaintiff might nonetheless have registered "the copyright claim[s]" at issue in this lawsuit, Intuition obtained, from the Register of Copyright, true copies of the actual registration certificates for each registration identified in plaintiff's Exhibit M, the best evidence of the registration records of the Register of copyright. The Certificates of Registration (which Exhibit M summarizes) correspond to the numbers in Exhibit M, and provide the title of the registered work *See* Exhibit 2 to the Declaration of Jennifer L. Jones, submitted herewith. None of the titles on those registration certificates are (or correspond to) the titles of the Allegedly Infringed Works. Moreover, the copyright claimant on each such certificate is Old Globecon, not the plaintiff here, New Globecon.

3

As reflected in the annexed declaration of Patrick Pancoast,[3] who is presently an employee of Intuition and previously was associated with Old Globecon as an employee and independent contractor at the times of the registrations during the relevant time periods,

- The Registration Certificates identify titles for works other than and different from the Allegedly Infringed Works; and conversely, the titles of the Allegedly Infringed Works annexed to the Complaint have titles that are different from, and do not pertain to, the titles identified in the Registration Certificates. (Pancoast Decl. ¶ 7);

- Each of the works registered by the Registration Certificates has one of three titles: either "Skills and Applications," "Techniques and Products," or "Techniques and Solutions." Those three titles are the names of newsletters published by the Globecon Group, Ltd. while [he] was there. The newsletters in those series are not the four works identified as the Allegedly Infringed Works which are the subject of plaintiff's claims. (Pancoast Decl. ¶ 8); and

- the Complaint does not expressly allege registration of the Allegedly Infringed Works, and the registrations it does allege are for different works from the Allegedly Infringed Works. Based on [Mr. Pancoast's] review, it appears that there is no registration for any of the Allegedly Infringed Works (Pancoast Decl. ¶ 9).

**ARGUMENT**

THE MOTION SHOULD BE GRANTED BECAUSE REGISTRATION OF
COPYRIGHT IN THE ALLEGEDLY INFRINGED WORKS IS NOT
ALLEGED AND EVIDENTLY HAS NOT BEEN MADE

As the party seeking to invoke the court's subject matter jurisdiction, plaintiff has the burden of pleading and, if challenged, proving subject matter jurisdiction. *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237 ("[I]t is generally a plaintiff's burden to demonstrate subject matter jurisdiction."); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir.

---

[3] Although Patrick Pancoast has been named as a defendant in this matter, he has not been served with process. The submission of the Pancoast declaration in support of Intuition's motion is not meant as an appearance or waiver of service of process.

2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Plaintiff has not met that burden here.

Dismissal of this action for lack of subject matter jurisdiction is required by *Well-Made Toy Mfg. Corp. v. Goffa International Corp.*, which held as follows:

> Under 17 U.S.C. §411(a), "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." This registration requirement is jurisdictional. *See Morris v. Business Concepts, Inc.*, 283 F.3d 502, 505 (2d Cir. 2002); *see also* 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright §7.16[B][1][a], at 7-155 (2002).

354 F.3d 112, 115 (2d Cir. 2003). *See also Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 453 (2d Cir. 1989) ("[P]roper registration is a prerequisite to an action for infringement.").

Judge Sack's decision for the unanimous panel in *Well-Made Toys* affirmed Judge Weinstein's dismissal of a copyright infringement claim with respect to an unregistered work on the ground that "registration of the copyright claim" asserted by the plaintiff had not been made in compliance with §411(a). Plaintiff, complaining of infringement of its 48-inch Sweetie Mine doll, relied on its prior registration of a 20-inch Sweetie Mine Doll. Both the district court and the Second Circuit disagreed, because "the only copied expressive elements (the 48-inch Sweetie Mine's fabric pieces) *do not appear in any work whose copyright has been registered*." 354 F.3d at 116 (emphasis added). Plaintiff was permitted to continue his infringement claim with respect to the 20-inch work, but the claim for infringement of the 48-inch work was dismissed for lack of subject matter jurisdiction. *Id.*

The rule that compliance with §411(a) is a condition precedent to subject mater jurisdiction has been repeatedly enforced. In *Morris v. Business Concepts, Inc.*, 283 F.3d 502, 505 (2d Cir. 2002), the Second Circuit affirmed dismissal of the lawsuit for lack of subject matter jurisdiction, in view of plaintiff's failure to register her copyright claim in the allegedly

infringed works.  *See also, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195 (10th Cir. 2005); *Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 450 (S.D.N.Y. 2005) ("Mannion has no registered copyright in the image on the Iced Out Comp Board, which precludes a suit for infringement based upon that image.").

Although the pleader has evidently tried to fudge the matter, a careful reading of the Complaint shows that registration of the Allegedly Infringed Works is not alleged in either the jurisdictional paragraph (Complaint ¶ 11) or the paragraph that mentions registration (without alleging registration of the Allegedly Infringed Works, Complaint ¶ 79).  *See* pages 1-4, *supra*. Moreover, even if paragraph 78 of the Complaint were read as ambiguous on whether or not it was alleging registration of those works (which is not fairly possible), both the alleged registration summary annexed to and incorporated in the Complaint, and the Registration Certificates corresponding to that information which Intuition has presented on this motion as Exhibit 2 to the Jones Declaration, resolve any ambiguity by suggesting that the registrations identified in Exhibit M to the Complaint are for works other than the Allegedly Infringed Works. *See* the Factual Background, *supra,* Exhibits 1-2 to the Jones Declaration, and the Declaration of Patrick Pancoast, filed herewith.

In short, plaintiff has not even pleaded ownership of registrations for the Allegedly Infringed Works (Exhibits C, E, I, and G); at most it has pleaded only that *some other entity registered copyright in works that are not the works whose infringement is complained of in this lawsuit* – not that plaintiff registered copyright in Exhibits C, E, I, and G or that plaintiff owns those registrations.

Unless plaintiff can show in opposition to this motion what it has not alleged (and what would be contrary to the registration information it has provided) – that is, unless it can present

6

registration certificates that apply to the four Allegedly Infringed Works, showing that it registered (or owns copyright registration in) those four works, or offer up true copies of the deposits from the Copyright Office that would demonstrate registration of the works in suit – its lawsuit asserting a copyright claim and pendent state law claims must be dismissed.

<u>CONCLUSION</u>

For all the foregoing reasons, the motion to dismiss the Complaint for lack of subject matter jurisdiction should be granted.

Respectfully submitted,

PROSKAUER ROSE LLP

By:   /s/ Charles S. Sims
        Charles S. Sims
        Bertrand C. Sellier
        Jennifer L. Jones
    1585 Broadway
    New York, New York 10036

7